## Maxwell v. Fife Manufacturing Company

*Theodore O. Rogers,* for plaintiff.

*E. Gerald Donnelly, Jr.,* of *Fox, Rothschild, O'Brien & Frankel,* for defendant.

RILEY, J., August 9, 1968.—Plaintiff filed a complaint in assumpsit seeking to recover certain bonus payments allegedly due under his employment agreement with defendant. He alleged in his complaint that he was employed by defendant in 1962 as sales representative in the Philadelphia area. The terms of employment at that time were not set forth, but he averred that in 1963 defendant sent him a letter relating to the bonus policy of the company which stated in part:

"1. Your salary, starting immediately, will be $700 a month.

"2. Your sales base will be $50,000 per year. You will be paid a 3% bonus on all sales above this amount. The credit for the sales will be figured as we are figuring now.

"3. The bonus is payable quarterly, beginning July 1st after the end of the fiscal year ending June 30th. This is the same as our current plan.

"4. If employment is terminated (for any reason) the unpaid portion of the bonus is forfeited. This is also the same as it is now".

Plaintiff states in his complaint that he continued to work for defendant after receipt of this letter until May 6, 1966, when he voluntarily terminated his employment. At the time of termination he alleges that bonus commissions from July 1, 1965, to date of employment termination amounted to approximately $6,000 computed in accordance with the letter of June 1963. He avers that defendant has refused to pay him such sum. Defendant has entered an objection in the nature of a demurrer to the complaint contending that the complaint on its face conclusively indicates no right to such compensation, because in the complaint, plaintiff admits termination of his employment, and, therefore, his right to the bonus payment in the ensuing

year was "forfeited" by the terms of his employment agreement.

Plaintiff contends that "bonus" really does not mean "bonus" but agreed compensation. On the other hand, he contends "forfeit" means just that, and that under the law, there may be no such "forfeiture". Defendant contends that the right to a "bonus" was specifically conditioned upon continuance of employment in the year in which it was to be paid, and to which condition plaintiff clearly agreed in his acceptance and continuance of employment. Assuming the averments of the complaint to be true, as we must, plaintiff's sales were such that, had employment continued, plaintiff would have been paid in the ensuing fiscal year the sum of approximately $6,000. The sole question raised before us is whether the termination of employment did also terminate all legal rights to the payment of that sum to plaintiff under the "forfeiture" clause in the employment agreement.

As we noted, stress has been placed upon the "real" meaning of words used in the employment agreement, plaintiff not relishing the literal meaning of "bonus" and preferring the substitution of "compensation" but desiring the retention of "forfeiture" in all of its most significant connotations. Defendant chooses the opposite interpretations. Plaintiff claims he has in fact earned the sum claimed as "compensation" due and that the forfeiture of such earned compensation is illegal. Defendant claims the agreed condition to right to receive his "bonus" was continuation of employment, which plaintiff well knew and voluntarily chose to discontinue the employment, and with it, his right to any bonus payment during the ensuing year.

We have carefully weighed the authorities and argumentation advanced by each party, and must conclude that under the pleadings before us, plaintiff has no right in law to the bonus payments provided for in

his employment contract. Regardless of the play upon words advanced by plaintiff, the language and intents of the contract are quite clear and must certainly have been understood by each party. The obvious intent of the contract was to provide incentive for continued employment and adjust the remuneration of the employe during the following year according to the success of the business accomplished in that area during the prior year by the individual employe. It just is not a situation of forced forfeiture of earned compensation as advanced by plaintiff. By the terms of the contract, the subject employe could anticipate his compensation during the year ahead, not the current year, as his established salary of $700 per month plus whatever bonus was computed by the prior year's business in that territory. There is nothing whatever to lead the employe to believe that the bonus was to be considered compensation for services currently performed or for which defendant company was bound to remunerate regardless of continuance of employment. The bonus was not to be paid in bulk at the end of the year, but in each succeeding quarter.

The contract terms are quite clear and explicit, and were unquestionably agreed to by plaintiff in his continuance of employment under the conditions established which he apparently deemed satisfactory until he decided to leave the employment for perhaps greener pastures. Then he decided that the contract should be considered to include only the first three paragraphs and to ignore the fourth. His work and efforts must have been performed with full knowledge that he would receive no bonus unless he continued in defendant's employ, for nothing could be clearer or more explicit, and to this condition he most certainly once agreed, but now seeks to avoid.

An employe is limited and held to the conditions of his contract, and particularly where the conditions

are not complied with voluntarily by the employe. Thus in Insley v. State Mutual Life Assurance Company, 334 Pa. 368, an insurance agent was denied renewal commissions because he violated a specific condition of his employment contract in assigning his renewals without the consent of the company. Similarly in Reilly v. Walker Brothers, 425 Pa. 1, employes were held to be ineligible for participation in the dissolution of a pension fund, because the plan provided that only those who had been laid off within 12 months of the dissolution were eligible for participation and the claimants had been laid off for more than 12 months, although otherwise eligible by years of service. The mere fact that the word "forfeiture" is used is not determinative, but rather the intent of the parties, as in Schotter v. Carnegie Steel Co., 272 Pa. 437, where a stock bonus plan provided the right to the stock would be "forfeited" if the employe terminated his employment within five years, and the condition was held to be valid and binding.

Looking to other jurisdictions wherever continuation of employment has been required for receipt of a bonus or profit share, the general rule in practically every jurisdiction passing upon the issue is that voluntary termination of employment negatives any right to share in the bonus or profit share. See 28 A. L. R. 350, et seq.; 81 A. L. R. 2d 1063, et seq. In Kassab v. Ragnar Benson, Inc., 254 F. Supp. 830, the above general rule is reiterated, and a distinction between voluntary termination and termination by the employer without cause noted.

As above pointed out, regardless of the specific words employed, the intent of the parties was clearly to establish a norm of compensation for the ensuing year based upon performance in the past year as an incentive not only for greater effort on the part of the employe to establish a higher income base, but also to

continue in the employ of the defendant. The agreement did not make the bonus payable at the end of the year upon which computed, but in quarterly payments during the following year as employment continued and to cease when and if such employment terminated. Plaintiff freely chose to terminate his employment even before the close of the year upon which the bonus was to be computed. We discern nothing unconscionable or unreasonable in such a plan or condition, particularly when freely accepted and participated in by the employe. As approved with regard to insurance company policies as to renewal commissions in Insley v. State Mutual Assurance Co., supra, common business prudence dictates that companies by apt provisions in their contracts may seek to make it financially worthwhile for such employes to continue their allegiance to the employer.

It is our determination that by his voluntary cessation of employment in May of 1966, plaintiff terminated any right he may have acquired by continued employment to receive a bonus during the ensuing year, and, hence, his complaint fails to set forth a cause of action. No further facts appearing in conjecture or argument or being advanced by plaintiff that might alter the cause by amendment of the complaint, we find no basis for a merely provisional sustaining of defendant's objection, and do, therefore, order that defendant's objection in the nature of a demurrer be sustained and judgment entered for defendant.